IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN STOKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No.: 1:13-cv-1018 |
| | § | |
| ESC G.P. II, Inc. and | § | |
| ESC-NGH-LP, both D/B/A/ | § | |
| EMERITUS AT NORTH AUSTIN | § | |
| | § | **JURY DEMANDED** |
| | § | |
| Defendants. | § | |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, JOHN STOKER and complains of Defendants ESC G.P. II, Inc. and ESC-NGH-LP, both D/B/A/ Emeritus at North Austin, and for his cause of action would show the Court as follows:

## INTRODUCTION

1.   This action seeks damages, attorneys' fees, expert fees, taxable costs of the court, pre-judgment and post-judgment interest as a result of civilly wrongful conduct in violation of the laws of the United States, including Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §1981.

## PARTIES

2.   Plaintiff JOHN STOKER is a resident of Bastrop County, Texas.

3.   Defendant ESC G.P. II, Inc. is an entity which can be served with process by serving its registered agent, Corporation Service Company dba CSC - Lawyers Incorporating Service

Company 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

4. Defendant, ESC-NGH-LP, is an entity which can be served with process by serving its registered agent, Corporation Service Company dba CSC - Lawyers Incorporating Service Company 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331.

6. This action lies in the United States District Court for the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's claims occurred substantially in Travis County, Texas.

## CONDITIONS PRECEDENT

7. All conditions precedent have been performed or have occurred.

## STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

8. Plaintiff, John Stoker, was hired by the Defendant as a Cook on October 16, 2010. Mr. Stoker is African-American.

9. In or around March 2012, Mr. Stoker applied for the position of Dining Service Director with the Defendant. Mr. Stoker was denied the promotion, and a less qualified white employee was selected.

10. In June 2012, Mr. Stoker complained to the Regional Manager that he believed that he was denied the promotion to the Dining Service Director position because he is African-American. On July 12, 2012, Mr. Stoker sent an e-mail to Defendant's Human Resources department indicating that he believed he had been discriminated against because of his race in being denied promotion within the company and in other terms and conditions of his employment.

11.     On July 13, 2012, Defendants terminated Mr. Stoker's employment.

## CAUSES OF ACTION

### COUNT ONE - RACE DISCRIMINATION UNDER TITLE VII

12.     The allegations contained in Paragraphs 1 through 11 inclusive are hereby incorporated by reference.

13.     Plaintiff timely filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission (EEOC). Plaintiff received a notice of the right to sue from the EEOC within 90 days of the filing of this complaint.

14.     Plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Plaintiff is African-American.

15.     Defendants are employers within the meaning of Title VII.

16.     Title VII states, in pertinent part, that:

> shall be an unlawful employment practice for an employer—
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . .

42 USC § 2000e–2(a).

17.     Defendant discriminated against Plaintiff because of his race by denying him the promotion to the Dining Services Director position and by terminating his employment. Plaintiff is African-American; Plaintiff was qualified for the position of Dining Services Director and for his position as a Cook; Plaintiff was subjected to an adverse employment action in that he was denied a promotion and terminated; and Defendant promoted a less qualified white employee to the Dining

Services Director position and then, after Plaintiff's termination, retained similarly situated white employees who engaged in similar or worse conduct to that for which Plaintiff was terminated. The unlawful practices committed by Defendants were and are a direct cause of Plaintiff's damages, as more fully set forth below.

## COUNT TWO -
## RACE DISCRIMINATION UNDER 42 U.S.C. § 1981

18. The allegations contained in Paragraphs 1 through 17 are hereby incorporated by reference.

19. 42 U.S.C. §1981 prohibits race discrimination in the making and enforcing of contracts, including the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges and conditions of the contractual relationship.

20. Plaintiff is a member of a protected class and was selected for unfavorable treatment by Defendant, including his being denied the promotion to Dining Service Director and being terminated. There is no legitimate non-discriminatory reason for Defendants' actions, and if such a reason is propounded, it is a pretext. Unlawful discrimination moved Defendants toward their decisions or was a factor that played a part in Defendant's employment decisions as to Plaintiff. The unlawful practices committed by Defendants were and are a direct cause of Plaintiff's damages, as more fully set forth below.

## COUNT THREE
## RETALIATION UNDER TITLE VII AND §1981

21. 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, as amended, both prohibit retaliation for an employee's opposition to practices that violate those statutes.

22. Plaintiff is a member of a protected class and was subject to an adverse employment

action, termination, shortly after his expression of opposition to a discriminatory practice. There is no legitimate non-retaliatory reason for Defendants' actions, and if such a reason is propounded, it is a pretext. Furthermore, Plaintiff's protected conduct was a determining or motivating factor in Defendants' decision to terminate Plaintiff's employment. Unlawful retaliatory motive moved Defendants toward their decisions or was a factor that played a part in Defendants' decision to terminate Plaintiff's employment. The unlawful practices committed by Defendants were and are a direct cause of Plaintiff's damages, as more fully set forth below.

## **DAMAGES**

23. As a result of Defendants' unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendants' unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

24. Defendants intentionally engaged in an unlawful employment practice by discriminating against Plaintiff. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, injury to credit standing, job search expenses, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

25. The conduct committed by Defendants against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## ATTORNEYS' FEES AND EXPERT FEES

26. A prevailing party may recover reasonable attorneys' and experts' fees under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981.  Plaintiff seeks all reasonable and necessary attorneys' fees in this case from Defendants, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals.  Plaintiff additionally brings suit for expert fees and all costs associated with the prosecution of this action.

## JURY DEMAND

Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay.

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

TERRY, SIMON & KELLY, P.L.L.C.
1002 Rio Grande Street
Austin, Texas 78701
(512) 391-1955 Telephone
(512) 588-1726 Facsimile


s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF