IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN STOKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No: 1:13-cv-1018 |
| | § | |
| ESC G.P. II, Inc. and | § | |
| ESC-NGH-LP, both D/B/A | § | |
| EMERITUS AT NORTH AUSTIN, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT

Defendants ESC G.P. II, Inc. and ESC-NGH, L.P. d/b/a Emeritus at North Austin[1] ("Defendants") by and through the undersigned counsel, hereby file their Original Answer to Plaintiff John Stoker's ("Plaintiff" or "Stoker") Complaint ("Complaint"). Defendants deny the allegations in Stoker's Complaint unless expressly admitted in the following paragraphs:

### INTRODUCTION

1. Defendants acknowledge that this action seeks relief under Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981, but deny that they have performed any action giving rise to a claim under any law, including the laws listed herein. The allegations in paragraph 1 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in paragraph 1 of the Complaint.

---

[1] Defendant ESC G.P. II, Inc. is incorrectly named in Plaintiff's Complaint as ESC G.P. II, Inc. d/b/a Emeritus at North Austin. Defendant ESC-NGH, L.P. d/b/a Emeritus at North Austin is incorrectly named as ESC-NGH-LP. Defendant ESC G.P. II, Inc. is the General Partner of Defendant ESC-NGH, L.P. d/b/a Emeritus at North Austin.

## PARTIES

2. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 2 of the Complaint, and therefore, deny same.

3. Defendants admit the allegations in paragraph 3 of the Complaint.

4. Defendants admit the allegations in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Defendants admit that Plaintiff has asserted he invokes jurisdiction pursuant to 28 U.S.C. § 1331. The remaining allegations contained in paragraph 5 of the Complaint constitute legal conclusions to which no response is required.

6. Defendants deny that they have performed any action that gives rise to a claim, but admit that venue is proper in this judicial district. Defendants deny the remaining allegations in paragraph 6 of the Complaint.

## CONDITIONS PRECEDENT

7. The allegations in paragraph 7 constitute legal conclusions to which no response is required.

## STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

8. Defendants admit that Plaintiff is African-American. Defendants admit that Defendants hired Plaintiff as a cook in 2010, but deny that Plaintiff was hired on October 16, 2010.

9. Defendants admit that Plaintiff applied for the position of Dining Services Director with Defendants. Defendants admit that Plaintiff was not selected for this promotion. Defendants admit that a white employee was selected for the position, but deny that the

employee was less qualified than Plaintiff. Defendants deny the remaining allegations in paragraph 9 of the Complaint.

10. Defendants admit that Plaintiff made a complaint to the Regional Manager stating that he believed he was denied the promotion to Dining Services Director because of his race. Defendants admit that on July 12, 2012, Plaintiff sent an e-mail to Human Resources concerning the denial of his promotion and other complaints, and state that the written document speaks for itself.

11. Defendants admit that Defendants terminated Plaintiff's employment in July 2012 for, but deny that Plaintiff was terminated on July 13, 2012.

## CAUSES OF ACTION

### COUNT ONE- RACE DISCRIMINATION UNDER TITLE VII

12. Defendants incorporate herein by reference their answers to paragraphs 1 through 11 of the Complaint.

13. Defendants admit that Plaintiff filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission (EEOC). The allegation that such a charge was timely filed constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge to admit or deny that such a charge was timely filed. Defendants lack sufficient knowledge to admit or deny the allegation that Plaintiff received a Notice of Right to Sue from the EEOC within 90 days of the filing of Plaintiff's Complaint.

14. Defendants admit that Plaintiff is African-American. The remaining allegations in paragraph 14 constitute legal conclusions to which no response is required.

15. The allegations in paragraph 15 constitute legal conclusions to which no response is required.

16. The allegations in paragraph 16 constitute legal conclusions to which no response is required.

17. Defendants admit that Plaintiff is African-American. Defendants further admit that Plaintiff was not promoted to the position of Dining Services Director and that Plaintiff's employment was terminated. Defendants admit that a white employee was selected for the Dining Services Director position, but deny that the selected employee was less qualified than Plaintiff. Defendants deny the remaining allegations in paragraph 17 of the Complaint.

## COUNT TWO-
## RACE DISCRIMINATION UNDER 42 U.S.C. § 1981

18. Defendants incorporate herein by reference their answers to paragraphs 1 through 17 of the Complaint.

19. The allegations in paragraph 19 constitute legal conclusions to which no response is required.

20. Defendants admit that Plaintiff was not promoted to the position of Dining Services Director and that Plaintiff's employment was terminated. Defendants deny that Plaintiff was selected for unfavorable treatment. The remaining allegations in paragraph 20 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in paragraph 20 of the Complaint.

## COUNT THREE-
## RETALIATION UNDER TITLE VII AND § 1981

21. The allegations in paragraph 21 of the Complaint constitute legal conclusions to which no response is required.

22. Defendants admit that Plaintiff's employment was terminated and that Plaintiff complained to his Regional Manager and Human Resources after he was not promoted to the position of Dining Services Director. Defendants deny that Plaintiff was terminated for any discriminatory, retaliatory, or otherwise improper purpose. The remaining allegations in paragraph 22 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in paragraph 22 of the Complaint.

## DAMAGES

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants admit that Plaintiff seeks the relief requested in paragraph 24, but deny that Plaintiff is entitled to any of the relief requested therein. Defendants deny the remaining allegations in paragraph 24 of the Complaint.

25. Defendants admit that Plaintiff seeks punitive damages, but deny that Plaintiff is entitled to such relief. The remaining allegations in paragraph 25 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 25.

## ATTORNEYS' FEES AND EXPERT FEES

26. Defendants admit that Plaintiff seeks recovery of his attorneys' fees and experts' fees in this matter, but deny that he is entitled to such relief. The remaining allegations in paragraph 26 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 26.

## JURY DEMAND

Defendants admit that Plaintiff has requested a jury, but deny that a jury trial is appropriate on the claims at issue.

## PRAYER

To the extent that the prayer for relief contains allegations to which Defendants are required to respond, Defendants deny the allegations contained in the prayer for relief and deny that Plaintiff is entitled to any of the relief requested therein, or any other relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim in whole or in part upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, and/or estoppel.

3. Defendants plead that all or part of the relief sought by Plaintiff is not recoverable, including any claim for attorneys' fees.

4. All alleged actions regarding Plaintiff were taken in good faith, based upon legitimate, non-discriminatory business reasons and occurred without malice or reckless indifference to his rights.

5. Defendants assert their entitlement to any allowable credits or offsets against a judgment, if any, in favor of Plaintiff.

6. Defendants assert Plaintiff failed to take reasonable steps to adequately mitigate his alleged damages.

7. Defendants specifically invoke all statutory limitations of liability applicable to any and all asserted causes of action in this case. To the extent necessary, Defendants invoke all

applicable damage caps or limitations, including the limitations of 42 U.S.C. § 1981a.

8. Plaintiff's claims for relief are barred to the extent they exceed that available for relief under federal law.

9. To the extent Plaintiff complains of actions that are outside the scope of Plaintiff's administrative charge and/or complaints with various federal and state agencies, Plaintiff's claims are barred.

10. All or part of Plaintiff's claims are barred by his failure to fully exhaust his administrative remedies.

11. Plaintiff is not entitled to recover any punitive damages, the existence of which damages Defendants specifically deny, because Plaintiff has not set forth and cannot set forth facts sufficient to support a claim under any state or federal law for such damages, because Defendants adopted policies and practices in support of their non-discrimination obligations. Defendants in good faith attempted to comply with their non-discrimination obligations, and any employee who engaged in conduct with respect to Plaintiff as alleged in his Complaint, which Defendants specifically deny, lacked sufficient authority to subject Defendants to punitive damages.

12. Defendants assert that to the extent Plaintiff was damaged at all, such damages were proximately caused in whole or in part by the conduct or fault of persons or entities other than Defendants.

13. Any action taken outside the course and scope of an employee's employment and contrary to Defendants' policies, was not ratified, confirmed, or approved by Defendants. Accordingly, any such actions cannot be attributed or imputed to Defendants.

14. Any adverse employment actions taken against Plaintiff would have been taken regardless of Plaintiff's race and were based on standards, qualifications, and/or criteria that are job-related and consistent with business necessity.

15. To the extent Plaintiff concedes that lawful business motives motivated the employment decision at issue, Defendants would have made the same decision for those lawful reasons regardless of any unlawful motive; nonetheless, Defendants deny that unlawful motives played any role whatsoever in Plaintiff's employment.

16. Plaintiff's claims are barred, in whole or in part, by his failure to comply with all conditions precedent to the filing of this action.

17. Defendants claim their entitlement to recover attorneys' fees and costs of suit.

18. Plaintiff's claim for punitive damages is barred to the extent it is in violation of the Constitutions of the United States and the State of Texas, or any other applicable law.

19. Plaintiff's claims are barred in whole or in part because Defendants took prompt, effective, remedial action to end all objectionable conduct when they became aware of such objectionable conduct, the awareness and existence of which conduct Defendants specifically deny.

20. Defendants had in place policies designed to eliminate or prohibit the type of discriminatory behavior complained of by Plaintiff, and Plaintiff unreasonably failed to take advantage of those procedures.

21. Plaintiff's damages are barred, in whole or in part, by the doctrine of after-acquired evidence.

22.     Defendants reserve the right to assert any other defenses and affirmative defenses upon completion of discovery and in compliance with the Federal Rules of Civil Procedure and the Court's scheduling order.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray Plaintiff takes nothing by his claims; that Plaintiff's claims against Defendants be dismissed with prejudice; that Defendants be awarded their attorneys' fees and costs incurred herein; and for such other and further relief to which Defendants may be entitled.

Respectfully submitted,

By:     /s/ *Michael J. DePonte*
        Michael J. DePonte
        State Bar No. 24001392
        depontem@jacksonlewis.com
        Julie C. Tower
        State Bar No. 24070756
        julie.tower@jacksonlewis.com
        JACKSON LEWIS P.C.
        111 Congress Ave., Suite 1300
        Austin, Texas 78701
        PH: 512.362.7100
        FX: 512.362.5574

        **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that on December 23, 2013 a true and correct copy of the foregoing document was electronically filed with the clerk for the U.S. District Court, Western District of Texas using the electronic case filing system and a copy was forwarded via ECF notice to the following attorneys of record:

>Kell A. Simon
>TERRY, SIMON & KELLY, P.L.L.C.
>1002 Rio Grande Street
>Austin, Texas 78701

>>/s/ *Michael J. DePonte*
>>Michael J. DePonte